

THE ATTORNEY GENERAL

OF TEXAS

Gerald C. Mann
XXXXXX XXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2008
Re: Where one person operates a
store and another person owns
title to the merchandise in the
store, the operator is liable
for the chain store tax.

This is in answer to your letter which reads as follows:

"There are a number of concerns, foreign and
domestic, operating in Texas, that consign merchan-
dise to warehouses and retail stores to be sold at
wholesale and retail in the State of Texas. This
merchandise is on consignment only when sales are
made. The store operator or warehouse operator
receives a commission from the sale of such mer-
chandise; the ownership of the merchandise is re-
tained by the consignor, and he places the price on
the merchandise that the consignee sells.

"Does the 'store tax' apply to the actual owner
of the merchandise or to the operator of the ware-
house?"

We assume that there is no contract between the operator of the
warehouse and the owner of the merchandise whereby the owner of the
merchandise has any control over the warehouse, that the owner of the
merchandise does not own an interest in the warehouse or exercise any
control over it, and that his only connection with it is that he retains
title to the merchandise in the warehouse until said merchandise is sold.

The "Chain Store Tax Law" of Texas is House Bill No. 18, Chap-
ter 400, First Called Session, 44th Legislature, Acts 1935 (codified as
Article 1111d of Vernon's Annotated Penal Code). It provides that cer-
tain prescribed license fees, which are in fact taxes, shall be paid for
the privilege of operating a store, and reads in part as follows:

"Sec. 2.  Any person, agent, receiver, trustee, firm, corporation, association or copartnership desiring to operate, maintain, open or establish a store or mercantile establishment in this State shall apply to the Comptroller of Public Accounts for a license so to do. . . ."

"Sec. 5.  Every person, agent, receiver, trustee, firm, corporation, association or copartnership opening, establishing, operating or maintaining one or more stores or mercantile establishments within this State, under the same general management, or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating or maintaining such stores or mercantile establishments . . ."

"Sec. 7.  The term "store" as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

This is not a tax on the store nor on the merchandise nor on the sale of the merchandise, but it is a tax on the privilege of operating the store.  In the case of Hurt v. Cooper, 130 Tex. 433, 110 S. W. 2nd 896, the Supreme Court of Texas said:

" . . . we experience no difficulty in reaching the conclusion that the so-called license fees levied thereby are primarily occupation taxes."

Section 5 of the "Chain Store Tax Law" says that "every person (etc.) . . . opening, establishing, operating or maintaining one or more stores . . . shall pay the license fees . . . prescribed for the privilege of opening, establishing, operating or maintaining such stores."  The fact that a person owns all of the merchandise, or a part thereof, in a store would be an element of consideration in determing whether or not the owner of such merchandise was operating or maintaining said store; but that fact alone does not justify a holding that the owner of the merchandise is engaged in "opening, establishing, operating or maintaining"

said store. Under the facts that you give, the only person who comes within the meaning of those words is the operator of the warehouse. He clearly operates and maintains the warehouse.

If the warehouse in question is a store as that term is defined by the statute, the "store tax" applies to the operator of the warehouse and he is liable for the tax.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    s/ Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:ew-rn

APPROVED MAY 1, 1940

s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By B.W.B., Chairman
